**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JARED CARTY and PIMPORN CARTY | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 5:20-CV-05585 |
| v. | : : : | |
| STEEM MONSTERS CORP. ((d/b/a Splinterlands) (successor to Steem Monsters LLC), STEEM ENGINE CORP., BLAIRE JESSE REICH and MATTHEW J. ROSEN, | : : : : : : | |
| Defendants. | : : | |

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT AND COUNTERCLAIM

Defendants, Steem Monsters Corp. d/b/a Splinterlands ("Steem Monsters"), Steem Engine Corp. ("Steem Engine"), Blaire Jesse Reich ("Reich"), and Matthew J. Rosen ("Rosen") (hereinafter "Defendants"), by and through their undersigned counsel, Bull Blockchain Law LLP, respectfully submit their Answer with Affirmative Defenses to Plaintiffs' Amended Complaint and Counterclaim, and in support thereof avers as follows:

## GENERAL DENIAL

To the extent not expressly admitted herein, Defendants deny each and every other allegation, express or implied, contained in Plaintiffs' Amended Complaint.

## "NATURE OF THE ACTION"[1]

1.      Admitted in part, denied in part. Defendants deny Plaintiffs' claims are properly

---

[1] Defendants repeat the headings set forth in Plaintiffs' Amended Complaint herein for ease of reference. Defendants deny any and all allegations and/or characterizations that are stated or can be inferred by the headings in the Amended Complaint.

brought against any party other than Defendant Steem Monsters Corp.

2.      Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied. By way of further response, Splinterlands is an extremely popular online collectible card game that implements blockchain technology so players may store, trace, and trade their Splinterlands digital game cards and other digital in game items, such as potions and Dark Energy Crystals (DECs).

3.      Defendants deny orchestrating a "scheme" that caused Plaintiffs to lose money. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiffs lost money as a result of any act of Defendants.

4.      Defendants deny committing any unlawful act for which they could be liable to Plaintiffs.

**"PARTIES"**

5.      Denied as stated. Defendants admit only that Steem Monsters Corp. is a corporation formed pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at 24 Veterans Square, Media, PA 19063.

6.      Denied as stated. Steem Monsters Corp. was previously Steem Monsters, LLC, a Pennsylvania limited liability company.

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11, and therefore they are deemed denied.

12.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore they are deemed denied.

13.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13, and therefore they are deemed denied.

14.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 14, and therefore they are deemed denied.

15.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore they are deemed denied.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

## **"JURISDICTION AND VENUE"**

20.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' subject matter jurisdiction averments.

21.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' venue averments.

22.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' venue averments.

23.     After reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth of Plaintiffs' venue averments.

## "BACKGROUND"

24.     Admitted.

25.     Denied as stated. Defendants admit only that Splinterlands players are permitted to test the Splinterlands game using a basic starter pack of cards.

26.     Denied as stated. Defendants admit only that Splinterlands players may purchase packs of digital cards, which can be used to battle other players in the game. Defendants deny the remaining averments of Paragraph 26.

27.     Admitted.

28.     Denied as stated. Defendants admit only that the winner of each *ranked* battle, meaning a battle in which each player make achieve a better or worse status in the game depending on the outcome of the ranked battle, will be awarded or docked rating points and DECs.

29.     Admitted.

30.     Denied as stated. Defendants admit only that DECs can be bought, sold and transferred using certain exchange platforms. Defendants deny the remaining averments of Paragraph 30.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

### *"Defendants Solicit the Plaintiffs to Purchase Digital Assets"*

37.     Admitted in part; denied in part. Defendants admit only that Plaintiff Jared Carty expressed interest in investing in Steem Monsters Corp. at some point in 2019, but Steem Monsters Corp. never sold securities to Plaintiffs. By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 37, and therefore they are deemed denied.

38.     Admitted in part; denied in part. Defendant Reich admits he had certain conversations with Plaintiff Jared Carty over the course of several months. After reasonable investigation, Defendant Reich is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 38, and therefore they are deemed denied.

39.     Denied. By way of further explanation, Plaintiffs' Amended Complaint misleads by equivocating two distinct issues: (i) Steem Monsters Corp.'s offering of exempt securities in the form of shares of its capital stock to investors pursuant to Regulation D of the Securities Act of 1933, as amended; and (ii) the packs of digital playing cards offered by Steem Monsters Corp. to players of the Splinterlands game.

40.     After reasonable investigation, Defendant Reich is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 40, and therefore they are deemed denied.

41.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

42.     Admitted in part; denied in part. Defendants admit only that the Splinterlands game "did not run off of nonfungible tokens." Defendants deny the remaining averments of paragraph 42. By way of further response, Defendants maintain, and have always maintained, the use of

blockchain technology to store, transact, and publicly view ownership of the Splinterlands cards and DECs is what makes the Splinterlands game a "blockchain-based game" and affords players transparency in the ownership and transfer of Splinterlands cards.

43.     Denied as stated. Defendant Reich admits only that in June 2019, Defendant Reich provided Plaintiff Jared Carty with a slide deck presented to persons who expressed interest in purchasing capital stock of Steem Monsters Corp. Defendants deny the remaining averments of paragraph 43.

44.     Denied as stated. Defendants admit only that Plaintiffs purchased packs of Splinterlands cards and DECs.  Defendants deny the remaining averments of paragraph 44.

45.     Denied as incomprehensible.

46.     Admitted in part; denied in part. Defendants admit only that Plaintiff Jared Carty purchased in-game assets known as "cards" previously described by Steem Monsters Corp. as non-fungible tokens (NFTs)" and such cards may have monetary value. Defendants deny the remaining averments of paragraph 46.

47.     Defendants deny that Plaintiff Jared Carty purchased DECs from Defendants, although upon information and belief, Defendants admit that Plaintiff Jared Carty purchased DECs. Defendants admit the remaining averments of paragraph 47.

48.     Denied.

49.     Admitted in part; denied in part. Defendants admit only that players are able to "burn" their Splinterlands "cards" in exchange for DEC, which can be traded or sold to other players or persons for Splinterlands cards or cryptocurrency. Defendants deny the remaining averments of paragraph 49.

50.     Denied.

51.     Upon information and belief, Defendants admit Plaintiff Jared Carty purchased

packs of Splinterlands cards from Steem Monsters Corp. on or about the dates and in the amounts provided in paragraph 51. Defendants deny the remaining averments of paragraph 51.

52.     Defendants deny Plaintiffs averment that Defendant Reich or Defendant Rosen, in their respective capacities as individuals, sold anything to Plaintiffs.

53.     Denied.

54.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54, and therefore they are deemed denied.

55.     Denied as stated. The message referenced in paragraph 55 is a writing that speaks for itself, and any characterization thereof is denied. Plaintiffs deny the remaining averments of paragraph 55.

56.     Defendants deny any characterization of Plaintiffs being "involved" in Splinterlands, other than Plaintiff Jared Carty's involvement as a player of Splinterlands. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 56, and therefore they are deemed denied.

57.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 56, and therefore they are deemed denied.

58.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied as stated. Defendants admit that Steem Monsters Corp. controls attributes – e.g., powers and capabilities – assigned to the "cards" (hereinafter, the "Card Attributes") for the purpose of playing the Splinterlands game. Defendants admit that on May 19, it published a blog post explaining to players the Splinterlands game would switch to using the Hive blockchain as of June 1, 2020 due to unforeseen risks associated with a hard fork expected in the Steem blockchain. Defendants further admit that Steem Monsters Corp. migrated the Splinterlands game to the Hive blockchain. By way of further response, Splinterlands players, including Plaintiffs, did not lose access to their Splinterlands cards as a result of this blockchain migration, and Plaintiffs subsequently accessed and sold their Splinterlands cards. Defendants deny the remaining averments of paragraph 63.

64.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

65.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' realizations, and therefore, these averments are denied.

66.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

67.     Denied.

68.     Denied.

69.     Denied. Upon information and belief, Plaintiffs have brought this lawsuit to harass Defendants and tarnish Defendants personal, professional, and commercial reputations following months of making false, defamatory statements about Defendants. Upon

information and belief, Plaintiffs have brought this lawsuit in retaliation for Steem Monsters Corp. banning Plaintiff from the Splinterlands community Discord channel for making threatening, violent, derogatory and defamatory statements.

### *"Splinterlands was Neither a Decentralized Application ("dAPP") nor a Blockchain Game"*

70.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 70, and therefore they are deemed denied.

71.     Denied.

72.     Denied. By way of further response, the centralized database maintained by Steem Monsters Corp. aggregated data from the blockchain, which is the ultimate immutable, publicly verifiable, record of ownership and transfers of Splinterlands cards. By way of analogy, the centralized database was a card catalogue for the library of books (transactions and ownership).

73.     After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiffs' beliefs, and therefore this averment is deemed denied. Defendants deny the remaining averments of paragraph 73.

74.     Denied. The message referenced in paragraph 74 is a writing that speaks for itself, and any characterization thereof is denied.

75.     Denied. The message referenced in paragraph 74 is a writing that speaks for itself, and any characterization thereof is denied.

76.     Admitted. Plaintiffs opted to omit that the same paragraph also states "[b]y using blockchain technology, players can buy, sell, and trade their digital assets freely just as if they were physical cards, and all transactions are recorded publicly and immutable."

77.     Denied.

78.     Denied.

*"June 2020 Migration from Steem Blockchain to Hive Blockchain"*

79.     Denied as stated. Defendants admit in June 2020, Steem Monsters Corp. migrated the Splinterlands game to the Hive blockchain so it may serve as the blockchain of record for transactions of Splinterlands digital assets. Defendants deny the remaining averments of paragraph 79.

80.     Denied.

81.     Denied. By way of further response, Splinterlands players, including Plaintiffs, can and did access their Splinterlands cards and DECs, which Plaintiffs sold at a steeply discounted rate.

82.     Defendants deny Plaintiffs were unable to play their "cards." After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 82.

83.     Denied.

84.     Denied.

85.     Denied. The message referenced in paragraph 85 is a writing that speaks for itself, and any characterization thereof is denied.

86.     Denied.

87.     Denied.

88.     Denied.

## *"The Cards Purchased By Plaintiffs*
## *Were Not Fully Decentralized Non Fungible Tokens (NFTs)"*

89.     Denied.

90.     After reasonable investigation, Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining averments contained in paragraph 90, and therefore they are deemed denied.

91.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied as stated. Defendants admit transactions involving NFTs can be verified by analyzing the blockchain on which such NFTs were created. Defendants deny the remaining averments of this paragraph.

98.     Denied.

99.     Denied.

100.     Admitted in part; denied in part. Defendants admit only that for a blockchain-based NFT, the transactions involving NFT will be immutably published to the blockchain. Defendants deny the remaining averments of paragraph 100.

101.     Denied.

102.     Denied. The message referenced in paragraph 102 is a writing that speaks for itself, and any characterization thereof is denied.

103.     Defendants deny making any misrepresentations to Plaintiffs. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 103, and therefore they are deemed denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

109.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 109, and therefore they are deemed denied.

110.    Denied.

*"Defendants Altered Plaintiffs' Cards"*

111.    Denied.

112.    Denied.

113.    Upon information and belief, Plaintiffs believe that Steem Monsters Corp. created and awarded Plaintiffs one or more "Prince Julian" cards. By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 113, and therefore they are deemed denied.

114.    Admitted in part; denied in part. It is admitted only that Steem Monsters Corp. edited the Card Attributes for the "Prince Julian" card. Defendants deny the remaining averments of paragraph 114.

115.    Admitted in part; denied in part. Defendants admit that Steem Monsters Corp. notified Plaintiffs and Splinterlands players of its intention to change the Card Attributes of the "Prince Julian" card, to which Plaintiffs consented, and did edit certain Card Attributes.

Defendants also admit that Splinterlands players, including Plaintiffs, cannot control the Card Attributes or any card. Defendants deny the remaining averments of paragraph 115.

116.    Admitted in part; denied in part. Defendants admit only that Steem Monsters Corp. edited the Card Attributes for the "Prince Julian" card within the Splinterlands game to modestly decrease its power in the Splinterlands game to maintain fair playing conditions. Defendants deny the remaining averments of paragraph 116.

117.    Admitted in part; denied in part. Defendants admit only that NFTs are non-fungible. Defendants deny the remaining averments of paragraph 117.

118.    Denied. The message referenced in paragraph 118 is a writing that speaks for itself, and any characterization thereof is denied.

119.    Denied. The message referenced in paragraph 119 is a writing that speaks for itself, and any characterization thereof is denied.

120.    Denied.

121.    Denied as stated. Defendants admit only that Plaintiffs requested a refund from Steem Monsters Corp., and Steem Monsters Corp. offered to repurchase Plaintiffs' cards at a discount.

122.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

123.    Denied.

124.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

125.    Denied as stated. Defendants admit only that Plaintiffs purchased Splinterlands digital assets. Defendants deny the remaining averments of paragraph 125.

126.    Denied as a conclusion of law for which strict proof will be demanded at trial.

To the extent a response is required, these allegations are denied. By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 126, and therefore they are deemed denied.

127.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied. By way of further response, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 127, and therefore they are deemed denied.

128.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 12, and therefore they are deemed denied.

129.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

130.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

131.    Denied.

132.    Admitted in part; denied in part. Defendants admit that Plaintiffs seek damages from Defendants. Defendants deny owing Plaintiffs any damages from profits earned from Plaintiffs selling their Splinterlands "cards."

133.    Denied as stated. Upon information and belief, Defendants deny Plaintiffs attempted to or in fact mitigated their damages, and aver Plaintiffs deliberately embellished their damages for the purposes of this suit. The remaining averments of paragraph 133 are denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a

response is required, these allegations are denied.

## COUNT I

## BREACH OF CONTRACT

134.    Defendants incorporate by reference the preceding responses to Plaintiffs' averments as if fully set forth herein.

135.    Denied. By way of further response, Defendants deny selling Splinterlands cards or DECs in their individual capacities and maintain any sales of such items originated from wallet addresses owned by and/or registered to Steem Monsters Corp.

136.    Admitted in part; denied in part. Defendants admit that Steem Monsters Corp. sold Plaintiffs packs of Splinterlands cards in exchange for payment. Defendants deny selling DECs to Plaintiffs.

137.    Denied.

138.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

139.    Defendants deny entering any agreement with Plaintiffs for the sale of DECs.

140.    Denied.

141.    After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 141.

142.    Denied. By way of further response, Plaintiffs received the benefit of their bargain, packs of non-fungible tokens and in game items such as potions, in consideration of payments made by Plaintiffs.

143.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

WHEREFORE, Defendants respectfully request that this Court enter Judgment in their favor and against Plaintiffs, and dismiss Count I of the Amended Complaint, and grant Defendants their reasonable costs and fees, including attorney fees, and any additional relief the Court finds appropriate.

## COUNT II

## UNJUST ENRICHMENT

144.     Defendants incorporate by reference the preceding responses to Plaintiffs' averments as if fully set forth herein.

145.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

146.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

147.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

148.     Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

WHEREFORE, Defendants respectfully request that this Court enter Judgment in their favor and against Plaintiffs, and dismiss Count II of the Amended Complaint, and grant Defendants their reasonable costs and fees, including attorney fees, and any additional relief the Court finds appropriate.

## COUNT III

## NEGLIGENT MISREPRESENTATION

149.     Defendants incorporate by reference the preceding responses to Plaintiffs' averments as if fully set forth herein.

150.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

151.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied. By way of further response, each of Reich and Rosen deny Plaintiffs' averment that statements allegedly made by each were made in his personal capacity rather than as an agent of Steem Monsters Corp. or Steem Engine Corp.

152.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

153.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied. By way of further response, Plaintiffs deliberately conflate two distinct issues: (a) Plaintiff Jared Carty and Reich's (as an agent of Steem Monsters Corp.) discussion of an exempt offering of securities conducted pursuant to Regulation D of the Securities Exchange Act of 1933, as amended, by Steem Monsters Corp., formerly Steem Monster's LLC; and (b) discussions between Reich and Rosen (as agents of Steem Monsters Corp.) and Plaintiff Jared Carty regarding purchases of packs of Splinterlands cards used to play the Splinterlands game.

154.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

WHEREFORE, Defendants respectfully request that this Court enter Judgment in their favor and against Plaintiffs, and dismiss Count III of the Amended Complaint, and grant Defendants their reasonable costs and fees, including attorney fees, and any additional relief the Court finds appropriate.

**COUNT IV**

**FRAUD**

155.    Defendants incorporate by reference the preceding responses to Plaintiffs' averments as if fully set forth herein.

156.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

157.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

158.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

159.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

160.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

161.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

WHEREFORE, Defendants respectfully request that this Court enter Judgment in their favor and against Plaintiffs, and dismiss Count IV of the Amended Complaint, and grant Defendants their reasonable costs and fees, including attorney fees, and any additional relief the Court finds appropriate.

**COUNT V**

**CIVIL CONSPIRACY**

162.    Defendants incorporate by reference the preceding responses to Plaintiffs' averments as if fully set forth herein.

163.    Denied as a conclusion of law for which strict proof will be demanded at trial.

To the extent a response is required, these allegations are denied.

164.    Admitted in part; denied in part. It is admitted only that (a) Reich and Rosen formed Steem Monsters Corp. and served as executive officers thereof, and (b) Reich formed Steem Engine Corp. and served as an executive officer thereof. The remaining averments of paragraph are denied.

165.    Denied.

166.    Admitted in part; denied in part. It is admitted only that Reich and Rosen communicated with one another in carrying out their duties as Chief Executive Officer and Chief Technology Officer, respectively, of Steem Monsters Corp. The remaining averments of paragraph are denied.

167.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

168.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph.

169.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

WHEREFORE, Defendants respectfully request that this Court enter Judgment in their favor and against Plaintiffs, and dismiss Count V of the Amended Complaint, and grant Defendants their reasonable costs and fees, including attorney fees, and any additional relief the Court finds appropriate.

## <u>COUNT VI</u>

## <u>VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW</u>

170.    Defendants incorporate by reference the preceding responses to Plaintiffs' averments as if fully set forth herein.

171.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

172.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

173.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

174.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

175.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

176.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

177.    Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph. By way of further response, Defendants admit to earning profit from operating a trading card game offered by Steem Monsters. By way for further response, Defendants deny Plaintiffs allegation that they failed to receive the benefit of their bargain.

178.    Denied as a conclusion of law for which strict proof will be demanded at trial. To the extent a response is required, these allegations are denied.

WHEREFORE, Defendants respectfully request that this Court enter Judgment in their favor and against Plaintiffs, and dismiss Count VI of the Amended Complaint, and grant Defendants their reasonable costs and fees, including attorney fees, and any additional relief the Court finds appropriate.

## **COUNT VII**

## PIERCING THE CORPORATE VEIL

179.    Defendants incorporate by reference the preceding responses to Plaintiffs' averments as if fully set forth herein.

180.    Admitted in part; denied in part. It is admitted only that Plaintiffs seeks to hold Defendants responsible for conduct alleged in the Amended Complaint. Defendants deny committing any actions sufficient to permit Plaintiffs to pierce the corporate veil under Pennsylvania law.

181.    Denied. By way of further response, Reich and Rosen are two of 22 stakeholders of Steem Monsters. Rosen owns no capital stock of Steem Engine. Reich is the founder, chief executive officer, and controlling shareholder of Steem Engine.

182.    Denied as a conclusion of law for which strict proof will be demanded at trial. By way of further response, Reich and Rosen serve as the Chief Executive Officer and Chief Technology Officer, respectively, of Steem Monsters Corp.  Reich is the founder, chief executive officer, and controlling shareholder of Steem Engine.

183.    Denied as a conclusion of law for which strict proof will be demanded at trial. By way of further response, Plaintiffs attempt to distract and pile on averments erroneous to proving a claim for piercing the corporate veil under Pennsylvania law by alleging Defendants failed to file annual updates with the SEC or adhered to AML/KYC procedures. *See Lieberman v. Corporacion Experienca Unica, S.A.*, 226 F. Supp. 3d 451, 468 (E.D. Pa. 2016) (*quoting Hill v. Ofalt*, 85 A.3d 540, 540 (Pa. Super. Ct. 2014) stating "[i]n determining whether to pierce the corporate veil, courts are instructed to consider, among other things, whether: (1) the company is undercapitalized; (2) there has been a failure to observe corporate formalities; (3) the company is not paying dividends; (4) the dominant shareholder has siphoned funds from the company; (5) other officers or directors are not functioning; (6) there is an absence of corporate

records; and (7) the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

184.    Denied in part; admitted in part. It is admitted only that on or about July 3, 2019, Reich and Rosen, as agents of Steem Monsters Corp., instructed Plaintiffs to send $63,000 worth of Bitcoin to a Bitcoin wallet address. It is denied that such address was owned personally by Reich or Rosen. By way of further response, the aforementioned Bitcoin wallet address is a corporate account registered in the name of Steem Monsters Corp. with Paxos Trust Company d/b/a ItBit, a regulated custodian and brokerage registered with the New York State Department of Financial Services.

185.    Denied as a conclusion of law for which strict proof will be demanded at trial.

186.    Denied as a conclusion of law for which strict proof will be demanded at trial.

187.    Denied.

WHEREFORE, Defendants respectfully request that this Court enter Judgment in their favor and against Plaintiffs, and dismiss Count VII of the Amended Complaint, and grant Defendants their reasonable costs and fees, including attorney fees, and any additional relief the Court finds appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

188.    Plaintiffs' claims are barred by the statute of limitations.

### Second Affirmative Defense

189.    Plaintiffs' claims are barred by the doctrine of laches.

### Third Affirmative Defense

190.    Plaintiffs' claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

191.    Plaintiffs' claims are barred by the doctrine of consent and/or waiver because they accepted without protest, and denied reimbursement, in whole or in part, for the Splinterlands cards and DECs they purchased.

### Fifth Affirmative Defense

192.    Plaintiffs' claims are predicated upon purported representations which cannot be proven without the use of parole evidence, and, therefore, are barred.

### Sixth Affirmative Defense

193.    Plaintiffs' claims are barred by their own actual and/or implied knowledge about the nature and quality of the Splinterlands cards and DECs.

### Seventh Affirmative Defense

194.    Plaintiffs' claims are barred by their inequitable conduct and unclean hands as detailed in the averments above.

### Eighth Affirmative Defense

195.    Plaintiffs' claims are barred by the statute of frauds.

### Ninth Affirmative Defense

196.    Plaintiffs' claims are barred by the doctrine of accord and satisfaction because Plaintiffs accepted the packs of Splinterlands cards and DECs with knowledge of their function despite their allegations herein.

### Tenth Affirmative Defense

197.    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their own damages, if any, by selling their Splinterlands cards and DECs for drastically less than fair market value. Upon information and belief, Plaintiffs did not take reasonable actions to mitigate their purported losses after learning of their existence, and their recovery, if any, should be reduced or eliminated.

### Eleventh Affirmative Defense

198.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot demonstrate that any conduct on the part of Defendants caused any of Plaintiffs' alleged damages.

### Twelfth Affirmative Defense

199.    Plaintiffs' claims are barred by illegality.

### Thirteenth Affirmative Defense

200.    Plaintiffs' claims are barred by the doctrine of payment and release.

### Fourteenth Affirmative Defense

201.    Plaintiffs failed to plead their fraud claims with sufficient particularity.

### Fifteenth Affirmative Defense

202.    Plaintiffs' claims are barred by the economic loss doctrine.

## COUNTERCLAIM

203.    Upon information and belief, Plaintiffs used the web messaging platform Discord under the user name "j6969" to recruit players of the Splinterlands game to join his group message so he could spread defamatory and false statements about the Defendants.

204.    Defendant Steem Monsters Corp. operates a public Discord channel to respond to player inquiries and comments.

205.    Defendants Rosen and Reich publish statements in the Steem Monsters Discord channel from time to time on behalf of Steem Monsters Corp.

206.    Prior to May 26, 2020, Defendant banned Plaintiffs user account from participating in the Steem Monsters Discord channel for violating the rules of the channel, including making threats of violence toward Splinterlands players and repeatedly making derogatory and defamatory comments about Steem Monsters Corp., Rosen, and Reich.

207.    Upon information and belief, Plaintiffs created new accounts to join the Steem Monsters Corp. Discord channel and continue making threatening, derogatory and defamatory remarks to and about Splinterlands players and/or Defendants.

208.    On or about May 26, 2020, Plaintiffs created a public Discord channel and invited members of the Steem Monsters Discord channel to join.

209.    Currently, the Discord channel contains approximately 90 participants, but, upon information and belief, the Discord channel contained many more members.

210.    For more than six months, Plaintiffs published crude rants containing defamatory and false statements about Defendants in the discord channels.

211.    Plaintiffs' specious defamatory statements include allegations that Defendants:

    a.    intentionally defrauded players of the Splinterlands game;

    b.    sold unregistered securities in violation of the Securities Act of 1933, as amended;

    c.    violated the Bank Secrecy Act by failing to conduct know-your customer and anti-money laundering checks on the players of Splinterlands;

    d.    operated a Ponzi scheme and were guilty of violating the Racketeer Influenced and Corrupt Organizations (RICO) Act;

    e.    failed to comply with federal, state, and local tax requirements in paying their employees;

    f.    committed theft by stealing approximately $500,000 from Plaintiff;

    g.    operated an unregistered securities exchange;

    h.    operated an illegal, online gambling site;

    i.    violated the Commodity Exchange Act and rules of the Commodity Futures

Trading Commission; and

j.   violated the Patriot Act.

212.   In fact, Plaintiffs allege the entire point of Defendants' businesses is avoidance of the law.

> **j6969 01-Jul-20 08:39 PM**
> it makes it extra illegal
> its like robbing a bank is bad, but then laundering [sic] that money makes it extra bad
> the LEOs and judges will see that matt is trying to get around US regulations by letting his co-owner partner do it, how far will that get him? we will see...
> but shit like this is why RICO is on the table...
> the whole point of SE is to avoid following laws

213.   An abbreviated transcript of other defamatory statements made by Plaintiffs is attached hereto as **Exhibit A**.

214.   The defamatory statements herein and in Exhibit A are hereinafter referred to as the "Defamatory Statements."

215.   Plaintiffs' deliberately made the false Defamatory Statements to hurt the reputation of Defendants, and Plaintiffs' succeeded in convincing others of his lies as indicated by a Discord message posted by one user of Splinterlands who stated, "[t]hey probably even launder money for the drug cartel…", to which Plaintiffs responded

> **j6969 18-Jun-20 11:19 PM**
> with no AML or KYC how would you know one way or the other? Do you have information that you would like to share with the rest of us?

216.   In June of 2020, the lies spread by Plaintiffs began to take hold in the Splinterlands official discord channel as players of the Splinterlands game questioned the

integrity and legality of Defendants and the Splinterlands game, caused people to panic and sell their Splinterlands cards.

217.   Plaintiffs' attempt to organize a coup against Defendants did not stop at spreading falsities; Plaintiffs offered to assist others in filing false reports with their credit card providers to obtain a refund for Splinterlands cards they purchased.

> **j6969 20-Jun-20 09:57 AM**
> they are selling a decentralized crypto asset, thats not true, plus its for use in gambling, a violation of visa use terms
> more less you will need to ask visa to refund the money, but be willing to give up the cards
> if you have sold the cards, i highly doubt you will get a refund

218.   Refunds received would ultimately be deducted from the Paypal account of Steem Monsters Corp.

219.   Despite not being a member of the bar of any jurisdiction in the United States, Plaintiff also led those in the Discord to believe that he was a credible source by claiming he wrote many of the laws Defendants allegedly violated.

> **j6969 20-Jun-20 10:06 AM**
> @tcpolymath i dont have a legal precedent but i have an 800 page report on SL and friends and the fraud part is covered well enough for paypal or visa... if anyone needs help and will be doing a charge back let me know
> @tcpolymath this is not new ground for me, i have been doing this for 10 years, i help write some of the laws matt broke

220.   Astonishingly, in August of 2020, three months after he began his crusade, Plaintiff admitted to a Splinterlands players in the Discord channel that he falsely and recklessly made such statements, as they were purely speculative.

> **j6969 11-Aug-20 06:41 AM**
> @kk a lot of this is speculation
> we need discovery to know more

221.    Plaintiffs' Defamatory Statements are fantastical, alarmingly false, and destructive to the private and/or commercial reputations of Defendants.

222.    The Defamatory statements constitute defamation per se.

223.    The Discord channels in which Plaintiffs published the Defamatory Statements constitute a public forum.

224.    Accordingly, Defendants make the following Compulsory Counterclaim pursuant to FRCP 13(a).

**COUNTERCLAIM**

**DEFAMATION**

225.    Defendants incorporate the averments above as if fully stated at length herein.

226.    Plaintiffs' statements about Defendants are false, unjustified, misleading, and defamatory.

227.    Defendants are private citizens/entities. Accordingly, Plaintiffs' conduct is evaluated based on a negligence standard.

228.    The Defamatory Statements, alone or in combination, have defamatory character and are per se defamatory for the following reasons, among others:

   a.   They ascribe to Defendants criminal acts;

   b.   They ascribe to Defendants acts and failures to act that are improper and unlawful and impugn their integrity and blacken their personal and business reputations;

   c.   They expose Defendants to hatred, contempt, or ridicule, and injure Defendants in their business and/or profession;

   d.   They lower Defendants in the estimation of recipients of the statements and deter third persons including potential users, employees, advisors, and investors

from associating with or engaging with Defendants; and

    e.   They portray Defendants as criminals and intentionally operating a deceptive and criminal enterprise.

229.   Any and all persons who have read, heard or will read or hear the Defamatory Statements understood, and will understand, the same as having a defamatory meaning.

230.   Any and all persons who have learned, or will learn, about the above Defamatory Statements from another, understood, and will understand, the same as having defamatory meaning.

231.   Any and all persons who have read or heard or will read or hear the above Defamatory Statements will understand that the same applies to Defendants.

232.   Any and all persons who have learned, or will learn, about the above Defamatory Statements from another understood, and will understand, that the same applies to Defendants.

233.   The Defamatory Statements are false.

234.   Plaintiffs knew, or should have known, when they published the above Defamatory Statements that they were false.

235.   When Plaintiffs published the above Defamatory Statements, at a minimum, negligently without conducting any investigation or an insufficient investigation into the truth of the Defamatory Statements.

236.   Plaintiffs delivered and published the Defamatory Statements with actual malice and a reckless disregard for the truth of the statements expressed therein.

237.   As a direct and proximate result of the delivery and publication of the Defamatory Statements, Defendants have suffered injury, including, but not limited to:

    a.   Steem Monsters Corp. realizing a decrease in the overall number of players

playing the Splinterlands game and purchasing Splinterlands digital items;

b. Steem Monsters Corp. realizing an 23% decrease in revenue in its year-over-year revenue for the period beginning in June 2019 and ending October 2019;

c. Defendants having ascribed to them conduct, character, or a condition that adversely reflects upon, and has and will adversely reflect upon, their business and fitness and/or perceived fitness for the proper conduct of their business;

d. Defendants having their reputations diminished in the estimation of the recipients of the Defamatory Statements and deterring persons from associating or doing business with them;

e. Steem Monsters Corp., Rosen, and Reich, losing credibility within the Steem Monsters Corp. Discord community and the broader gaming community, and diminishing their ability to retain current users and obtain new users.

238.   As set forth above, Plaintiffs' conduct was outrageous in character and went beyond all possible bounds of decency, justifying an award of punitive damages.

239.   As set forth above, Plaintiffs' conduct was reckless, wanton, willful, intentional, and/or knowing, justifying an award of punitive damages.

240.   Assuming, arguendo, that Plaintiffs were cloaked with any conditional privilege in their publication of the Defamatory Statements, they abused it and/or it does not apply to them because they delivered and published the same in a public forum (on Discord) to a group with more than 90 members, solely for the purpose of causing harm to Plaintiff, and/or with malice, and/or willfully, wantonly and with a reckless indifference to the rights of Plaintiff, and/or with improper motives, and/or with reckless disregard for the truth of the matter stated therein and/or with reckless disregard for Plaintiff's rights, and/or with gross negligence.

**WHEREFORE**, Defendants respectfully request that the Court:

1.      Dismiss Plaintiffs' claims in their entirety, and enter judgment in Defendants'

favor and against Plaintiffs;

2.      Award Defendants their reasonable costs and fees, including attorney fees;

3.      Grant Defendants such other and further relief as the Court deems just and proper.

Dated: February 26, 2021                        **BULL BLOCKCHAIN LAW LLP**

                                                */s/ Tyler J. Harttraft*
                                                Tyler J. Harttraft, Esq.
                                                Andrew T. Bull Esq.
                                                21 S. 11th Street, Floor 2
                                                Philadelphia, PA 19107
                                                Telephone: (267)

**EXHIBIT A**

## TRANSCRIPT OF PLAINTIFFS' DEFAMATORY STATEMENTS

**j6969 28-May-20 11:35 PM**
i like Matt as a person but he clearly knew he was defrauding people and doing things that he was told was illegal and should seek the help of a lawyer

**j6969 11-Jun-20 06:00 AM**
my lawyers are on it... now that we know splinterlands is acting illegally we have to make sure we dont take part

**j6969 11-Jun-20 06:12 AM**
these guys are soooo far out there that it might be jail time at this level of fraud and sec and aml violations

**j6969 11-Jun-20 06:38 AM**
now is just paperwork stuff for a bit then they get a letter saying we want $$$ or we sue, then we sue
the SEC and FBI stuff im not exactly sure on the time line for that, im not sure if we have to report right away, or if we can wait until after we get money or what
something i bet they dont realize is that the corporation will not protect their personal assets when they get sued for fraud

**j6969 22-Jun-20 01:03 AM**
lawyers love to do RICO cases, its a unicorn
yeah not much to claw back, however Byz's winnings and stuff will come back
also most of these guys are not being paid for their work legally, no pay roll taxes and the like, its just direct crypto
that shit will come back
i have 100s of pages on these guys and what they have done, and im waiting on an over all report
its just sooo much crazy illegal shit they have done its taking way longer than expected
they have done several things were they could be charged with stuff well over 20 years, normally if they take a ple deal its only a few years for cases like this
however if they fight it, i could see them doing some really long time
the civil stuff is outside of that
how many online gambling sites let kids play? thats just crazy these guys...
i have no idea how they thought this was okay, im wondering if the mob is forcing them to do this... no one can be that stupid
not with higher education degrees
if these were low iq morons maybe, but wow, i just dont get it

**j6969 11-Jun-20 08:06 AM**
also the card drops orwhever they call them is illegal
buiyng into tournaments is illegal
the lottery is 100% illegal
they are so fucked on the gambling things its amazing

but gambling, and even letting the kids play, is only a small part of how bad these guys are
fucked

**j6969 14-Jun-20 06:31 AM**
because of how illegal it is, this game could be shut down by any number of LEA
at any time

**j6969 14-Jun-20 06:49 AM**
aggy and matt are trying to get the respectability of being a US company and registered with the
SEC, but following 0 laws

**j6969 15-Jun-20 07:59 PM**
@Deleted User this guys lied and stole almost half a million dollars from me in time and money,
i tried to help them comply with laws and even gave them many outs, but they keep doing more
and more illegal things…
. im sorry you invested so much into aggys fraud but an illegal game has no real future…

**j6969 15-Jun-20 08:12 PM**
For the people who asked about an updated on the case, while nothing is set in stone and we are
waiting on more inmormation/reports, it is looking like we will take the Fed path, not state. It is
looking like we will not send a demand letter, just go right to court, im not sure how long that
will take, but Fed court is way faster than state court.
we are now looking at conspiracy and maybe even RICO
its clear matt and aggy have worked together on this, with their roles being interchangeable as to
who is the CEO from day to day, they both set up corportations interstate to engage in illegal acts
and fraud, and the crossed off so many crimes that it will add up quick,
its going to get crazy

**j6969 15-Jun-20 09:24 PM**
aggy lied to me personally about what he was silling me, so thats fraud, and i will get my money
back as the law requires

**j6969 19-Jun-20 10:09 PM**
@davemccoy… when their fraud was uncovered they had an opertunity to buy back the assets at
30% of value, they did not want to buy back at 30%. they knew at the time i was unhappy with
the fraud and had said suing tghem was on the table. they came back and said everything they
were doing was legal.

**j6969 20-Jun-20 12:47 AM**
@ kk thats just a rought guess of all cards i bought from SL or the market place or 3rd parties,
but since they are not as aggy describe them, its securities fraud,

**j6969 20-Jun-20 09:42 AM**
BTW if anyone bought cards or whatever with a Visa or other credit card, and they want to do a
charge back based on fraud, i can help you with the fraud report.

**j6969 20-Jun-20 10:06 AM**
@tcpolymath this is not new ground for me, i have been doing this for 10 years, i help write
some of the laws matt broke

**j6969 28-Jun-20 04:32 AM**

@Jarunik i honestly think they are realizing that since im going to sue them for security fraud, they should well stoip trading securities illegally lol
i have to go afk for a bit

@cryptoeater i do not think it will be a landmark case, what aggy did was black and white normal fraud. selling something he said was A but was really B. aggy lied to make a big sale, now that will fuck him

**j6969 01-Jul-20 02:51 AM**
he he explained this all to me in an email where he more or less confessed to fraud

**j6969 01-Jul-20 08:36 PM**
but its decentralized so laws are different
lmao
well SMTT might be dumb but they are still acting in an illegal way
as a SMTT holder im worried about my investments

**j6969 01-Jul-20 08:45 PM**
they are doing the online version of this.. but its illegal for americans to do that shit
@kk yeah, fraud is absolutly a slam dunk 100% sure win

**j6969 11-Jul-20 02:12 AM**
aggy knew i wanted to invested in dApps, he lied to get me to make that investment, he lied to me and defrauded me. in the USA that is illegal and thats why he is fucked...

**j6969 15-Jul-20 08:33 PM**
no one would trust him so he lies about what he is selling
thats basic fraud

**j6969 11-Aug-20 06:03 AM**
however its so fucked up that they have SEC/ CFTC violations that are not even related to the criminal

**j6969 11-Aug-20 06:09 AM**
matt knows the steem-engine and hive-engine are illegal
he said so
he just thinks he is okay becuase his name is not on the paper work

**j6969 11-Aug-20 06:12 AM**
@tcpolymath yeah agree, it could be a bunch of dumbasses that think they are smarter than they are, however they are still doing shit illegal... but yeah, thats just as reasonable to think its a bunch of dumbasses just trying to keep going, over some money laundering plan.
**j6969 12-Aug-20 02:48 AM**
I'm not really sure what you are getting at? The reason why this company is doing well is because they are operating in an illegal way.

**j6969 12-Aug-20 03:25 AM**
DEC can be sold for HIVE on aggys illegal exchange....

**j6969 05-Sep-20 04:06 AM**
https://www.bbc.com/news/technology-50262447

Valve shuts down money laundering via CS:GO game

Counter Strike was being targeted by fraudsters to clean up stolen cash says US game maker.

aggy is doing this...
this is bad

**j6969 29-Sep-20 08:21 AM**
but i was sold the cards as nfts, thats fraud

**j6969 29-Sep-20 08:22 AM**
they lied, its fraud

**j6969 29-Sep-20 08:23 AM**
i was triecked and lied to
that sfraud
this is why they will have to defend their actions in front of a judge in fed court
in the usa this sort of thing is fround upon

**j6969 18-Oct-20 12:07 AM**
@a1492dc as far as the SEC and CFTC complaint it is a bit more complicated but they have
violated all sorts of laws and regulations
some of it is partiot act stuff involving aml kyc
wire fraud with money laundering plus some other of the 20 plus fellioneys they have done is at
least 20 years

**j6969 26-Oct-20 01:47 AM**
they have no aml or kyc and are directly lyiing to investers about bieng involved with the SEC

**j6969 12-Aug-20 10:11 AM**

@     rafalski btw we have all the videos thgese guys did.... they have made such claims in
person speaking and they recorded it and they published it...
this makes me think they are just greedy and dumb, not rally at least knowinly involed in
internationa money laundering

**j6969 02-Sep-20 10:57 PM**
@o1oo1o11 it is a ponzi that is allowing money laundering and aml kyc violations these guys are
so fucked...

**j6969 05-Nov-20 08:46 AM**
he is a con artist
the thing is, he will have to pay back more than he is taking
unless he is making bank money laundering and gets away with it