IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JARED CARTY and PIMPORN CARTY, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| STEEM MONSTERS CORP. (d/b/a Splinterlands) (successor to Steem Monsters LLC), STEEM ENGINE CORP., BLAIRE JESSE REICH, and MATTHEW J. ROSEN, | ) ) ) ) ) ) |
| Defendants. | ) ) |

C.A. No. 5:20-cv-05585-ETH

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' COUNSEL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS, JARED CARTY AND PIMPORN CARTY**

Undersigned counsel for Plaintiffs respectfully requests that the Court grant their motion to withdraw as counsel in this litigation. The relationship between Plaintiffs and counsel has been rendered irretrievably damaged and counsel's continued representation of Plaintiffs has been rendered unreasonably difficult. Plaintiffs' counsel will provide further detail to the Court *ex parte* but at this time, as set forth in the accompanying Motion, will describe the reasons in general terms to protect the attorney/client privilege.

Under this District's Local Rules of Civil Procedure, an "attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." Local R. Civ. P. 5.1(c). Whether to permit an attorney to withdraw must be determined with reference to the underlying purpose of Local Rule 5.1, which includes "ensuring effective court administration." *See Ohntrup v. Firearms Ctr., Inc.*,

1

802 F.2d 676, 679 (3d Cir. 1986); *see also Carter v. City of Philadelphia*, No. 98-2903, 2000 U.S. Dist. LEXIS 5711, 2000 WL 537380, at * 1 (E.D. Pa. Apr. 25, 2000); *Greene v. Rubin*, No. 95-2415, 1995 U.S. Dist. LEXIS 18121, 1995 WL 723188, at * 1 (E.D. Pa. Dec. 5, 1995). In adjudicating an attorney's motion to withdraw, the Court should consider: (1) the reasons withdrawal is sought; (ii) the prejudice withdrawal may cause to the litigants; (iii) the harm withdrawal might cause the administration of justice; and (iv) the degree to which withdrawal will delay resolution of the case. *See Carter*, 2000 U.S. Dist. LEXIS 5711, 2000 WL 537380, at *1; *Greene*, 1995 U.S. Dist. LEXIS 18121, 1995 WL 723188, at *1. Based on these factors, the motion should be granted.

     First, Plaintiffs have indicated that they consent to and do not object to counsel's Motion to Withdraw. Second, under Rule 83.6 of this Court's Local Rules of Civil Procedure, attorneys must abide by the Pennsylvania Rules of Professional Conduct. And under the Pennsylvania Rules of Professional Conduct, a lawyer must withdraw from representation of a client if the representation has been rendered unreasonably difficult by the client or if other good cause for withdrawal exists. *See* Rule 1.16(a)(6) and (7). That is the case here.

     As stated in the Motion submitted herewith, justifiable circumstances exist that require that Plaintiffs' counsel withdraw as counsel under Rule 1.16(a)(6) and (7). The relationship between Plaintiffs and counsel has been rendered irretrievably damaged and counsel's continued representation of Plaintiffs is unreasonably difficult. Plaintiffs' counsel provides will further detail to the Court *ex parte* but at this time, will describe the reasons in general terms to protect the attorney/client privilege. Lastly, to reiterate, Plaintiffs and Plaintiffs' counsel have agreed to terminate the representation.

This litigation is at a stage such that Plaintiffs would not be prejudiced. "When courts have denied such motions [to withdraw as counsel] due in part to the state of the case schedule, it has almost uniformly been because the motion to withdraw was made at or near trial or in the post-trial briefing stage." *Sharp v. Verizon Del. Inc.*, C.A. No. 11-1209-RGA-CJB, 2012 U.S. Dist. LEXIS 179874, 2012 WL 6212615, at *4 (D. Del. Dec. 12, 2012). Here, this case is not set for trial until October 2023, and fact discovery remains open until April 22, 2022 – most recently extended at the request of defendants. Further, Plaintiffs' counsel has complied with the majority of Plaintiffs' written fact discovery obligations in his action. The only pending written fact discovery from Plaintiffs is the response to Defendants' document requests – which is underway and with which Plaintiffs are familiar. The depositions of Plaintiffs and Defendants have not been formally scheduled – but are not expected to take place until the second half of April 2022.

With regard to the effect of withdrawal on the efficient administration of justice, the grant of the Motion would not have an undue negative impact on the current case schedule. Where Courts have found that the grant of a motion could have an impact on the efficient administration of justice, courts have made such findings when the request to withdraw came on the eve of trial, as in such cases, the impact that the lack of counsel would have on a significant case event (a trial) was clear and imminent. *Carter*, 2000 U.S. Dist. LEXIS 5711, 2000 WL 537380, at *2; *Chester v. May Dep't Store*, No. Civ. A. 98-5824, 2000 U.S. Dist. LEXIS 50, 2000 WL 12896, at *1 (E.D. Pa. Jan. 7, 2000); *Mervan v. Darrell*, No. Civ. A. 93-4552, 1994 U.S. Dist. LEXIS 9238, 1994 WL 327626, at *1-2 (E.D. Pa. July 8, 1994).

Here, Plaintiffs have indicated that they are ready and willing to move expeditiously to retain new counsel or proceed pro se. Plaintiffs' counsel has been providing and will continue to provide all information regarding this matter to Plaintiffs in order to facilitate a smooth transition

of the case. In discussions with Plaintiffs, Plaintiffs' counsel explained to Plaintiffs that they may try to retain other counsel. Plaintiffs have sufficient time to seek new counsel or appear pro se. The administration of justice will not be harmed, particularly when weighed against the fact that the current circumstances require that Plaintiffs' counsel withdraw.

Undersigned counsel requests that the Court grant this Motion and find that counsel may withdraw consistent with the rules of professional conduct. The attorney-client relationship has broken down such that undersigned counsel will not be able to provide the advocacy demanded by the rules of professional conduct. Based upon the state of the relationship between counsel and Plaintiffs, it does not serve the ends of justice or aid the Plaintiffs to require undersigned counsel to continue the representation.

For the foregoing reasons, Plaintiffs' counsel respectfully requests that the Court provide an opportunity, if the Court deems necessary, for Plaintiffs' counsel to advise the Court of any further information, *ex parte*, and grant this motion to withdraw as counsel for Plaintiffs in this litigation.

                            **GARIBIAN LAW OFFICES, P.C.**

                            By: _____
                            Antranig N. Garibian, Esquire
                            PA Attorney ID No. 94538
                            1800 John F. Kennedy Boulevard, Suite 300
                            Philadelphia, PA 19103
                            Telephone: (215) 326-9179
                            ag@garibianlaw.com
                            *Attorneys for Plaintiffs, Jared Carty and Pimporn Carty*