IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARED CARTY AND  PIMPORN CARTY | : : : | CIVIL ACTION |
| v. | : : | |
| STEEM MONSTERS CORP. d/b/a  SPLINTERLANDS, et al. | : : | NO. 20-5585 |

## **ORDER**

AND NOW, this 7th day of April 2022, upon consideration of the separate motions to proceed pro se filed by Plaintiffs Jared Carty and Pimporn Carty (Docs. 51 & 52), IT IS HEREBY ORDERED that the MOTIONS ARE DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs, in their individual capacities, may re-file their motions consistent with Federal Rule of Civil Procedure 11(a), which states that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).[1]  Signatures must be handwritten, rather than electronic.[2]

---

[1] "The United States Supreme Court has interpreted Rule 11(a) to require 'as it did in John Hancock's day, a name handwritten (or a mark handplaced).'" Cartwright v. LVNV Funding LLC, Civ. No. 22-cv-0098, 2022 WL 206172, at *1 n.1 (E.D. Pa. Jan. 24, 2022) (quoting Syville v. New York City, Civ. No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) and citing Becker v. Montgomery, 532 U.S. 757, 764 (2001)).

[2] The Court has discretion to accept electronic signatures pursuant to the Standing Order issued on May 13, 2020.  In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Created by COVID-19 (E.D. Pa. May 13, 2020). However, obtaining actual signatures is neither impractical nor imprudent under present circumstances, and therefore all pleadings, motions, and other papers filed with the Court must be handsigned by the individual pro se litigants before being filed electronically on the Court's ECF system.

      In deciding whether to obtain counsel or refile their motions to proceed pro se, Plaintiffs are cautioned that pro se litigants are expected to abide by all court rules and procedures, including that a pro se party may only represent himself or herself.[3]

      The stay put in place by my prior Order dated April 1, 2022 (Doc. 50), remains in effect pending final resolution of the status of Plaintiffs' representation.[4]

BY THE COURT:

/s/ ELIZABETH T. HEY

_____

ELIZABETH T. HEY, U.S.M.J.

---

[3] Mrs. Carty's motion to proceed pro se includes a Certificate of Service which states, "[t]he undersigned hereby certifies that on April 6, 2022, **he** caused the Motion" to be served upon Defendants' counsel, followed by Mrs. Carty's typed name. Doc. 52 at 2 (emphasis added). This suggests that Mr. Carty rather than Mrs. Carty prepared the document. The Court reiterates that each pro se litigant represents only him/herself. For example, it became apparent during the recent hearing on counsel's motion to withdraw that Mrs. Carty's familiarity with the English language is limited. Therefore, if the Court were to grant any subsequent motions to proceed pro se, it is very likely that Mrs. Carty will require an interpreter for on-the-record proceedings, and Mr. Carty will not be permitted to interpret for her given his status as a separate pro se litigant. The Court does not pay for interpreters in civil cases.

[4] A copy of this Order will be emailed to Plaintiffs at the email address which appears on both motions. See Doc. 51 at 1; Doc. 52 at 1.