IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JARED CARTY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STEEM MONSTERS CORP. d/b/a | : | |
| SPLINTERLANDS, et al. | : | NO. 20-5585 |
| | : | |
| v. | : | |
| | : | |
| JARED CARTY AND PIMPORN CARTY | : | |

## MEMORANDUM AND ORDER

Plaintiff, Jared Carty ("Plaintiff"), brought this action against Defendant, Steem Monsters Corp. d/b/a Splinterlands ("Steem Monsters" or "Splinterlands"), its co-founders Blair Jesse Reich and Matthew J. Rosen, and Steem Engine Corp., a third-party entity operated by one of the co-founders (collectively, "Defendants"), alleging breach of contract, fraud, and related claims arising from the operation of the digital card game called Splinterlands.[1]  Presently before the court is Plaintiff's renewed "Motion for Adverse Inference Against Defendant Steem Monsters for Spoliation of Evidence" (Doc.

---

[1] As noted in my Memorandum addressing Plaintiff's first motion for adverse inference, see Doc. 71 at 1 n.1, Plaintiff and his wife, Pimporn Carty ("Mrs. Carty"), initiated this action while represented by counsel, see Doc. 1, but counsel sought and was granted permission to withdraw and the matter was placed in suspense to give Plaintiffs time to retain new counsel.  Docs. 45 & 50.  By Order dated July 20, 2022, I granted Plaintiffs' motion to dismiss Mrs. Carty as a Plaintiff, lifted the stay, indicated that Plaintiff will proceed pro se, and issued a partial schedule with a fact discovery deadline of August 31, 2022, expert report deadlines of September 23 and October 21, 2022, and a dispositive motion deadline of November 18, 2022.  Doc. 60.  Mrs. Carty remains in the case as a counterclaim Defendant only.

78), seeking sanctions for spoliation of evidence, and Defendants' response in opposition thereto (Doc. 80). For the following reasons, the motion will be denied.

I.     **BACKGROUND**[2]

On September 23, 2020, in anticipation of this litigation, Plaintiff's former counsel served attorneys for Defendant with a "Notice to Preserve" letter. See letter dated 9/23/20, attached to response as Exh. A (Doc. 80-2) ("Notice").[3] The Notice advised Defendants to "[p]reserve all paper and electronic records that are in any way related to Steem Monsters . . . , Ste[e]m Engine Corp., and the involvement of [Mr.] Reich and [Mr.] Rosen in those entities." Id. at 2. The Notice identified electronic records to be preserved, including "all emails, text messages, [and] chat records." Id. The Notice also identified examples of electronically stored information ("ESI") to be preserved, including "information residing on servers, personal computers, laptop computers, tablets, cellphones, digital and optical storage media, and internet or cloud-based email and storage platforms." Id. at 3. The Notice covered "ESI that reflects a date 'created' or a date 'last modified' (whichever is earlier) from January 1, 2018 through the date of this letter," that is, through September 23, 2020. Id.

On November 9, 2020, Plaintiff and his wife commenced this action by filing a counseled Complaint, see Doc. 1, followed by a counseled Amended Complaint on

---

[2]A more complete procedural history is set forth in my Memorandum dated October 7, 2022. See Doc. 71.

[3]Citations to attachments to the parties' filings are to the ECF pagination.

2

February 16, 2021.  Doc. 15.  On February 26, 2021, Defendants filed an Answer asserting a counterclaim for defamation.  Doc. 16 ¶¶ 225-40.

During the course of discovery, which included Plaintiff's deposition of Mr. Rosen on August 19, 2022, Plaintiff came to believe that Defendants had removed certain messages and data from the Steem Monsters Discord channel around January 15, 2022, in violation of the Notice.[4]  On September 5, 2022, Plaintiff filed a motion asking the court to impose sanctions and/or an adverse inference against Defendants for spoliation of evidence, and to extend the time in which to conduct additional discovery on the question of spoliation.  Doc. 66.[5]  Defendants countered that Plaintiff's motion should be denied as to sanctions because the alleged spoliation was based purely on conjecture, and that Plaintiff's request for additional discovery should be denied for that reason and because Plaintiff failed to depose three out of the four defendants prior to the fact discovery deadline and failed to timely respond to Defendants' discovery requests.  Doc. 69.

By Memorandum and Order dated October 7, 2022, I granted Plaintiff's motion to the extent that he could depose Mr. Reich for up to two hours, limited to the sole issue of

---

[4]As described by Mr. Rosen, "Steem Monsters . . . operates a Discord channel called Splinterlands."  See Affidavit of Matthew Rosen, attached to response at Doc. 80-1 ("Rosen Aff.") ¶ 2.  Mr. Rosen testified as a corporate representative for Steem Monsters, see Doc. 66 at 1 & Doc. 69 at 3, and he is the Chief Product Officer of Steem Monsters.  Rosen Aff. ¶ 1.

[5]Specifically, Plaintiff sought to depose Mr. Reich beyond the discovery deadline regarding the deletion of certain materials.  Exhibits previously submitted by the parties show that during his deposition, Mr. Rosen stated that he was not aware of messages deleted in January 2022 because "I don't manage our Splinterlands Discord," and indicated that Mr. Reich "has done it in the past."  See Matthew Rosen Deposition (Doc. 69-1), at 10.

spoliation, and denied the motion in other respects but without prejudice to Plaintiff renewing his motion if warranted following Mr. Reich's deposition. Doc. 72.

Plaintiff conducted the court-authorized deposition of Mr. Reich on October 20, 2022. See Reich Deposition (Doc. 78-11) ("Reich Dep.").[6] Mr. Reich testified that on three separate occasions, an unknown bad actor or actors hacked into the Splinterlands Discord channel, resulting in three threads from the channel -- entitled "General," "Maverick's House" (also referred to as "Monster Maverick"), and "Official Announcements," respectively[7] -- being deleted either by a moderator to prevent an attempted scam, or by the bad actor attempting to avoid detection.

> Q      [B]asically, all of the posts before November 6th, 2021 were permanently deleted and you can't access them; is that correct?
> A      Yeah. The -- there are three channels, to my knowledge, that have been deleted in -- in the past year in, I think, 3 separate acts. I've lost the Official Announcements channel. I lost what was previously known as General, and I lost Monster Maverick. And those were deleted channels.
> Q      Okay. Deleted and not recoverable by you?
> A      Yeah. I have no -- there's no button that I have access to that's something like restore channel.
> Q      In your investigation into the hack, did you find out who the hacker was?
> A      In all cases, we identified the account that was responsible, booted them out of the server, and stripped privileges to anything that they touched or associated with. But, you know, the -- knowing the account name and Discord

---

[6]Plaintiff included Mr. Reich's entire deposition transcript, see Doc. 78-11, whereas Defendants attached to their response only certain portions of the deposition transcript. See Doc. 80 Exh. B (Doc. 80-3).

[7]Mr. Reich and Mr. Rosen use the terms "thread" or "channel" alternately when referring to "General," "Monster Maverick," and "Official Announcements." See, e.g., Reich Dep. at 12; Rosen Aff. ¶ 2.

> and knowing the -- the real-life name of a human in some city
> in some country are two different things. So we were able to
> isolate the threat, stop all of their malicious behavior, and
> remove them from the server, along with whatever
> methodology that they used to -- to hack the server.

Reich Dep. at 29-30. Mr. Reich explained that the "the only two ways that I've discovered that anybody's been able to hack us is by either one, hacking a moderator that has privileges or two, hacking a bot that has privileges." Id. at 13. Mr. Reich further explained that the hacker who "took over" and deleted the "Maverick's House" thread posted a message that was "a pretty standard and terribly written scam," and that after deleting the scam message "a couple times" they searched for the account responsible. Id. at 11-12; see also id. at 15-16 ("It was poorly written, and it was pretty obvious that this was not the doing of the . . . Splinterlands team."). Mr. Reich testified that he believes the hacker of "Maverick's House" was responsible for deleting that entire channel, likely because the hacker saw posts about the scam and sought to avoid detection. Id. at 12, 16. Mr. Reich estimated that "roughly five percent or less of the entire Discord server and the messages contained within" were deleted as a result of the hacks. Id. at 11, 47.

During questioning by Plaintiff about the loss of data, Mr. Reich stated that

> at no time have I personally, voluntarily deleted these things
> that they were to secure the -- the financial consideration of
> the player base. And all of that was after -- you know, a year
> after you filed your lawsuit and after we had preserved any
> meaningful amount of Discord messages.

Reich Dep. at 12; see also id. at 46-47 ("[T]o the best of my ability . . . we don't randomly delete data or users. In these cases -- in these specific instances, our users were

5

under a financial threat because there was a hack that was pointing to a malicious . . . writing that was designed to [] financially scam the users in this ecosystem."). Mr. Reich explained that there are policies regarding message deletions by moderators and that "the intent is to be as -- free flowing as we possibly can without . . . having malicious content" and that the moderators are chosen for their beliefs regarding freedom of expression, but that he could not "state with 100 percent certainty that every single" moderator followed the policies perfectly. Id. at 48. Also, after experiencing "more than one of these" hacks, Steem Monsters "put in additional security cautions and we've hired a security expert [whose job] involve[s] Discord security." Id. at 47.

On October 31, 2022, Plaintiff filed the present motion, renewing his request for sanctions to be imposed on Defendants for deleting Discord data that should have been preserved pursuant to the Notice. Doc. 78. On November 14, 2022, Defendants filed a response, arguing that the record shows that they did not spoliate evidence and that Plaintiff has failed to show that Defendants acted with bad faith or malice. Doc. 80.

## II. **LEGAL STANDARDS**

As explained in my prior Memorandum, spoliation of evidence generally refers to "instances where evidence has been altered or destroyed," and can be addressed in the court's discretion by sanctions including an instruction to the jury that the evidence would have been harmful, or dismissal of the claim at issue. Bull v. United Parcel Serv., Inc., 665 F.3d 68, 72-73 (3d Cir. 2012). This general rule is codified with respect to sanctions for spoliation of electronically stored information ("ESI") in Federal Rule of Civil Procedure 37(e):

> **(e) Failure to Preserve [ESI].** If [ESI] that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> **(1)** upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>>
>> **(2)** only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> **(A)** presume that the lost information was unfavorable to the party;
>>> **(B)** instruct the jury that it may or must presume the information was unfavorable to the party; or
>>> **(C)** dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e). Thus, a court must determine if spoliation of evidence occurred, and if so, determine the appropriate sanction.

The moving party has the burden to show that spoliation occurred and what sanctions are appropriate. Goldrich v. City of Jersey City, 2018 WL 4492931, at *7 (D.N.J. Jul. 25, 2018), report and recommendation adopted as modified by, 2018 WL 4489674 (D.N.J. Sept. 19, 2018).[8] To show that spoliation occurred, the moving party must show (1) that certain ESI should have been preserved in anticipation or conduct of litigation, (2) that evidence was lost, (3) that ESI was lost because the non-moving party

---

[8] As with Plaintiff's prior motion for an adverse inference, the parties do not address whether the burden of proof is a preponderance of the evidence or clear and convincing evidence, and there is no clear answer. However, I again conclude that a determination of the applicable standard of proof is not necessary for present purposes.

failed to take reasonable steps to preserve it, and (4) that the lost material cannot be restored or replaced.  Id., 2018 WL 4492931, at *7.

To determine that sanctions should be imposed, the court must find either prejudice to the moving party or that the non-moving party acted with the intent to deprive the moving party of the ESI's use in the litigation.  Goldrich, 2018 WL 4492931, at *8.  When imposing spoliation sanctions, the court should consider "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and . . . deter such conduct by others in the future."  Id. (quoting Capogrosso v. 30 River Court E. Urban Renewal Co., 482 F. App'x 677, 682 (3d Cir. 2012) and Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir. 1994)); see also Accurso v. Infra-Red Serv., Inc., 169 F. Supp.3d 612, 618 (E.D. Pa. 2016) (Rule 37(e) "makes explicit that an adverse inference is appropriate *only* on a finding that the party responsible for the destruction of the lost information *acted with the intent* to deprive another party of access to the relevant information.") (emphasis in original) (citing Fed. R. Civ. P. 37(e)(2)(A)).  Speculation or circumstantial evidence alone is an insufficient basis on which to find that the non-moving party acted with intent to spoliate relevant evidence.  Goldrich, 2018 WL 4492931, at *11.

## III.  DISCUSSION

In his renewed motion, Plaintiff asks the court to sanction Defendants and impose an adverse inference related to the alleged spoliation of evidence.  Doc. 78.  Defendants argue that Plaintiff's motion should be denied because he has failed to satisfy any of the

four elements identified by Goldrich to show that spoliation has occurred, and has failed to plead or demonstrate that Defendants acted with the intent to spoliate relevant evidence.  Doc. 80 at 7-11.

I agree that Plaintiff has failed to demonstrate that spoliation has occurred, and therefore conclude that sanctions and/or an adverse inference are not warranted.  First, Plaintiff fails to meet his burden to demonstrate that Defendants failed to preserve ESI in their possession.  Defendants produced more than 17,000 pages of Discord messages from the relevant time period, which Defendants defined without objection as February 1, 2019 (the date Plaintiff alleged to have first learned of the Splinterlands game) through the date of the filing of the Complaint (November 9, 2020).  See Doc. 80 at 8 & n.2.  The threads entitled "Maverick's House" and "General" were preserved on or about November 11, 2020, see Rosen Aff. ¶ 2, and therefore posts from the relevant time period on those threads were preserved.  Although Defendants apparently did not preserve the thread entitled "Official Announcements" at that time, Mr. Reich testified that all of the hacks and deletions occurred within the past year -- meaning in approximately November 2021 to November 2022 -- and it is therefore unclear whether materials from the "Official Announcements" thread were preserved from the relevant period (February 1, 2019-November 9, 2020).[9]  In any event, Plaintiff fails to identify what relevant ESI would

---

[9]When asked at his deposition whether all of the messages posted on the "Maverick's House" channel from before the hack would be missing and lost, Mr. Reich responded, "That's inaccurate because we have a record," referring to the materials previously downloaded onto PDFs which were provided to Plaintiff in discovery.  Reich Dep. at 23.  Presumably what is true of "Maverick's House" would be true of the other two threads, particularly as all three were hacked and deleted within the last year.

have been posted on that thread or why be believes such information should have been preserved "in anticipation of litigation," as the doctrine of spoliation requires, particularly where at least some of the posts on that thread would have been generated more than a year after Plaintiff commenced this lawsuit.

Second, Plaintiff has not demonstrated that any relevant ESI is lost. Although Mr. Reich testified that the information Plaintiff seeks may be retained by the company that operates Discord, see Reich Dep. at 24, Plaintiff has not presented any evidence that he made efforts to obtain the information from that source. To the extent Plaintiff avers that the information preserved and produced by Defendants in PDF format is unreliable because it can be "faked" and that Defendants failed to "back up the data in an acceptable way," Doc. 78 at 1, this does not render the data "lost" for purposes of spoliation. Data in any format can be manipulated or falsified, and there is no evidence that any such thing has occurred in this case.

Third, Plaintiff has not demonstrated prejudice sufficient to warrant sanctions. As previously noted, Defendants preserved the messages from the "Maverick's House" and "General" threads for the relevant period and Plaintiff has not explained how messages from the thread entitled "Official Announcements" has any relevance to his claims, which are based entirely on statements and events which occurred prior to the commencement of this action on November 9, 2020. See Doc. 15. Similarly, Defendants' counterclaim is based entirely on statements made by Plaintiff prior to the filing of the Complaint. See Doc. 16. In the absence of any showing of materiality, let alone prejudice, sanctions are not warranted.

Lastly, even if relevant ESI were shown to be lost or destroyed -- and here, Plaintiff avers only that Defendants "potentially caused the evidence to be destroyed," Doc. 78 at 11 -- the record does not support a finding that any loss or deletion was intentionally caused by Defendants.  Stated differently, whereas I previously found that Mr. Rosen's deposition testimony left open the possibility that relevant ESI may have been deleted by Defendants in violation of the Notice, Mr. Reich's recent deposition appears to have closed the door on that possibility.  For example, Mr. Reich denied randomly deleting data or users, and testified that any deletions were in connection with a Discord hack.  Reich Dep. at 12, 46-47.  Plaintiff has not raised grounds to reject Mr. Reich's testimony.  Although Mr. Reich testified that he did not know "with 100 percent certainty" that all moderators followed policies perfectly, see id. at 48, no record evidence exists upon which to conclude that deletions were carried out in bad faith or to deprive Plaintiff of relevant ESI.

As I stated in the Memorandum denying Plaintiff's first motion related to spoliation, Plaintiff's "belief" that spoliation occurred is not sufficient to satisfy any degree of burden of proof.  Goldrich, 2018 WL 4492931, at *11.  In the absence of evidence to conclude that spoliation has occurred -- let alone that any such spoliation was intentional or motivated by bad faith -- no sanction is appropriate.  See Fed. R. Civ. P. 37(e) (a court must determine if spoliation of evidence occurred, and if so, determine the appropriate sanction).

## IV.     CONCLUSION

Plaintiff's renewed motion is insufficient to satisfy the requirements of Rule 37(e), and therefore neither sanctions nor an adverse inference are warranted.  The motion is denied.

An appropriate Order follows.